UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARICE HALL,

    Plaintiff,

v.

WALTER BRUCH, et al.,

    Defendants.

_____/

CASE NO. 1:16-CV-5

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The matter before the Court is on the Report and Recommendation from Magistrate Judge Green. The Magistrate recommends that Judgement be entered against Plaintiff on all his claims. (ECF No. 36). Plaintiff filed an unsigned Objection (ECF No. 39) and on February 8, 2018, the Court entered a conditional Order striking Plaintiff's Objection and Sworn Affidavit unless Plaintiff submitted a signature page. (ECF No. 42). Plaintiff has timely done so. (ECF No. 43). Accordingly, the Court has reviewed Magistrate Judge Green's Report and Recommendation and Plaintiff's Objection to it.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended

> disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's Objection. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct.

## PLAINTIFF'S OBJECTION

Plaintiff's Objection contains several individual arguments. None of them merit relief, though some warrant further discussion than others.

Plaintiff first argues that the Magistrate failed to consider his response to the Defendants' first motion for summary judgment. This assertion is plainly incorrect. The Magistrate in fact stated that "[a]ll the documents previously filed by plaintiff . . . are considered herein." (ECF No. 36,PageID.179 n.1). This was more than lip service. The Magistrate clearly dealt with all the arguments that Plaintiff has advanced.

Plaintiff's third and fourth objections will also be overruled. The Magistrate cited sound case law on the role of verified complaints and affidavits in summary judgment proceedings. And though Plaintiff has submitted a nurse's note in his Objection, the note does not appear to have been in the record before the Magistrate Judge. Even if there was an oversight on the part of the Magistrate, the oversight has no bearing on the resolution of this matter.

Plaintiff's sixth objection relates to a First Amendment retaliation claim. The Magistrate Judge correctly noted that Plaintiff did not present evidence on which a reasonable

trier of fact could find in his favor, specifically as it relates to the causation element. The claim itself appears to have been an afterthought in Plaintiff's Complaint, and none of Plaintiff's subsequent filings up to his Objection expands upon the claim in any detail. Furthermore nothing in Plaintiff's argument here would allow a reasonable trier of fact to find in Plaintiff's favor on the causation element. Accordingly this objection is also overruled.

The remaining arguments in Plaintiff's Objection all have to do with Plaintiff's Eighth Amendment claim and all raise the question, to some degree, of whether the factual findings made by the hearing officer should have preclusive effect. As the Magistrate Judge noted, this is a question which the Sixth Circuit has recently addressed. In *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013), the Sixth Circuit held that under certain circumstances a court must afford preclusive effect to the factual findings made in a prison disciplinary proceedings. *Id.* ay 911–18. However, such preclusive treatment is not merely accorded as a matter of course. In *Roberson v. Torres*, 770 F.3d 398 (6th Cir. 2014), the Sixth Circuit underscored this point:

> To the extent that Torres argues that, in light of *Peterson*, any factual findings by a hearing officer in a major-misconduct hearing in a Michigan prison are to be accorded preclusive effect, we reject such a reading of *Peterson* as overbroad. *Peterson* is not a blanket blessing on every factual finding in a major-misconduct hearing. Although the language of our opinion in *Peterson* is at times categorical, our decision to accord preclusive effect to particular findings from Peterson's prison hearing necessarily turned, at least in part, on the particular circumstances of Peterson's case.

*Id.* at 404.

Under *Torres*, in order to obtain preclusive effect of the factual findings made by a state agency, the following factors must be satisfied: (1) the state agency was acting in a judicial capacity; (2) the hearing officer resolved a disputed issue of fact that was properly before him; and (3) the party to be precluded from re-litigating the fact(s) in question was afforded an

adequate opportunity to litigate the factual dispute. *Id.* at 403–04. If these three factors are satisfied, the Court must afford to the hearing officer's factual findings the same preclusive effect as would be given in state court. *Id.* at 404.

The Magistrate Judge found the instant case was "virtually indistinguishable" from *Peterson*. (ECF No. 36, PageID.193). The Magistrate found all the above factors were met because the state agency acted in a judicial capacity in the major misconduct hearing, the issue was actually litigated at the hearing, and Plaintiff had a full and fair opportunity to litigate. (*Id.* at 193-194). Furthermore, the Magistrate concluded the Michigan courts would give preclusive effect to the factual findings. (*Id.*)

Plaintiff fails to deal in a meaningful way with the *Peterson* decision, and the Court agrees with the Magistrate that the hearing officer's factual findings in this case should be given preclusive effect for the very reasons delineated by the Magistrate Judge. With that in mind, the Magistrate Judge did not err by concluding the Defendants used only minimal force against Defendant, and that this force fell far short of violating the Eighth Amendment's Cruel and Unusual Punishments Clause. Therefore the remaining objections are also overruled.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 36) is approved and adopted as the Opinion of the Court. **IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 30) is **GRANTED.**

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

This case is **DISMISSED.**

Date:  March 28, 2018                    /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE